J-A14036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.M. v. R.M.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 275 WDA 2019 |

Appeal from the Order Entered January 22, 2019
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
2010 GN 4608

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY KUNSELMAN, J.: FILED: August 30, 2019

I respectfully dissent from my learned colleagues on procedural grounds.  I contend that the trial court made two errors, neither harmless.[1] First, the court did not properly consider both sets of factors under 23 Pa.C.S.A. § 5337(h) **and** 23 Pa.C.S.A. § 5328(a) when making its relocation decision.  Second, it did not properly delineate its reasons for its decision under 23 Pa.C.S.A. § 5323(d).  As I address each in turn, I am cognizant of the possibility that, at the end of the day, these errors may not alter the substantive decision; *i.e.,* whether Mother should be permitted to relocate with Child.  What these errors do, however, is impede both Father's right to due process and our ability to review the court's decision.

---

[1] I join my colleagues, however, in their sanctioning of the trial court's wise decision to overlook Father's noncompliance with Pa.R.C.P. 1915.17 (relating to objection to the proposed relocation).

Regarding the relocation factor analysis, I recognize that some of Section 5337(h) relocation factors are similar to the Section 5328(a) custody factors, and that not every factor is applicable. Nevertheless, we have said that when a parent seeks to relocate with the child, a court must consider both sets. *See D.K. v. S.P.K.*, 102 A.3d 467, 476 (Pa. Super. 2014).

If only the child – and not the parent – stands to move a significantly distant location, the relocation provisions of Section 5337 are not *per se* triggered. *D.K.*, 102 A.3d at 477. However, "[t]rial courts should still consider the relevant factors of section 5337(h) in their section 5328(a) best interest analysis." *Id.* at 447-478. As we have explained, several of the relevant factors of section 5337(h) are encompassed, directly or implicitly, by the custody factors listed in section 5328(a). *Id.* at 478. Any relevant section 5337(h) factor that is not expressly encompassed in section 5328(a) should be considered by the trial court under the catchall provision of section 5328(a)(16). *Id.* In other words, the relocation factor analysis is an extension of the best interests factor analysis. They are not independent.

Here, the trial court erred by not conducting a complete analysis. Unfortunately, the Majority then compounds the mistake by misconstruing our pertinent case law. The Majority excused the trial court's incomplete analysis by reasoning that the relocation award did not substantially alter each party's share of custody. *See* Majority Memorandum at Footnote 5. But the case cited by the Majority, *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014), does not stand

for the proposition that a full relocation analysis is only necessary when the parties' net custodial time is altered.

Relocation fundamentally changes a family's dynamic, regardless of whether the yearly net custodial time of each parent remains the same. When a non-custodial parent lives in the same community, he or she can still take an active part in the child's life. The non-custodial parent can attend teacher conferences, the child's baseball game or school play. The non-custodial parents can better share the holiday season. They can make impromptu custody modifications so that the child can attend special occasions such a cousin's bar mitzvah or first holy communion, a grandparents' anniversary party, a family funeral, or for a myriad of other reasons. This is the difference between living five minutes away and living five states away. And this is why the triggering event of the Section 5328(a) analysis is not only when the proposed relocation alters yearly net custody time. The character of non-custodial time changes as well. No amount of extended time during the summer can equate living in the same vicinity as the child. Courts **must consider both sets of factors** when a new award obligates a child to move a significant distance. **See D.K. v. S.P.K.**, **supra**.

In terms of the second error – namely, the court's improper delineation of its reasoning – I recognize that the trial court eventually addressed the substantive reasons for its decision in its Pa.R.A.P. 1925(a) opinion. Nevertheless, we have explained that the trial court must delineate its reasons for the award **prior** to the deadline by which a litigant must file a notice of

appeal, and preferably at the time the custody order is issued or shortly thereafter. *See C.B. v. J.B.,* 65 A.3d 946 (Pa. Super. 2013). Here, the trial court did not articulate its reasoning until after Father filed an appeal. This meant Father did not have a fair opportunity to perfect his argument. We should not penalize Father for an imperfect argument when the trial court gave him no other choice but to work blindly.

To illustrate: In *C.B.*, we spoke at length about the trap we would inadvertently set for appellants – specifically appellants in custody cases – if we did not require the court to delineate its reasoning somewhat contemporaneously with its order.

> Once the decision to appeal has been made, if the trial court has not yet revealed its reasoning, the parties face the equally challenging task of filing a Pa.R.A.P. 1925(b) statement of errors complained of on appeal without any insight whatsoever into the trial court's ruling. This puts a losing party between the proverbial rock and hard place. As noted, lawyers would be in the untenable position of attempting to advise clients whether to make the financial and emotional commitment to pursue an appeal without adequate information upon which to base that advice. The parties typically submit a substantial amount of information to the trial court, including testimony from the parties and experts. An appealing party is left to guess as to which information the trial court found pertinent, and how the evidence informed the court's analysis of the Act's sixteen custody factors. After engaging in such speculation, the party must then take that information and develop concisely stated issues for appellate review in the 1925(b) statement. By rule, such issues must be stated with particularity, and anything that the party does not include in the statement is waived. Thus, if the party guesses wrong, and omits discussion of an issue or fact that the trial court later states that it found to be pertinent, that issue may be waived. Moreover, to avoid waiver for non-inclusion

> in the Pa.R.A.P. 1925(b) statement, a party would have to guess at all the possible issues that might arise from the trial court's ultimate explanation of the bases for its ruling. This could subject the party to waiver for over-inclusiveness or vagueness. It would be absurd to believe that the General Assembly intended to force custody litigants to navigate blindly and speculatively through proceedings on appeal.

> These problems are complicated further by the fact that, in children's fast track custody cases, a litigant must file his or her Pa.R.A.P. 1925(b) statement contemporaneously with a notice of appeal.

***C.B.,*** 65 A.3d at 953-954 (citations omitted).

Here, had the trial court properly considered the Section 5328(a) factors ***and*** timely delineated its reasons for its decision, I would be inclined to agree with the Majority's conclusion that Father's brief is deficient. As it stands, I believe the trial court and the Majority put Father between the aforementioned rock and a hard place, and wholly robbed him of the ability to develop a proper, coherent argument. Only after having an opportunity to review the trial court's rationale could Father have had a fair opportunity to articulate how, where, and when that court erred/abused its discretion.

Given this appellate posture, I believe due process requires remand to allow the trial court to supplement its Section 5337(h) findings with additional findings of fact under Section 5328(a); then, we must allow Father to submit an amended brief in light of those findings.[2] Father is entitled to at least the

_____

[2] Presumably, Father complied with the order from this Court granting him leave to file an amended concise statement of errors and submitted the same to the trial court. It is unclear to me why then the trial court did not submit

trial court's explanation of its fully contemplated decision, if not a supplemental hearing.[3]

I am mindful that a remand might ultimately do nothing but keep this family in limbo for several more months. By then, the case might even be moot. Nevertheless, my objection here goes to the very heart of a parent's right to due process. Honoring that fundamental right is worth the wait.

For those reasons, I respectfully dissent.

_____

an amended Pa.R.A.P. 1925(a) opinion. Had the court done so, the ball would have been back in Father's court, and in turn, he then could have amended his brief. Had Father not requested to do so, I would have been inclined to join the Majority.

Perhaps the trial court never revised its original opinion, because it thought jurisdiction was lost. I allude, of course, to the court's statement that it intended to "fine tune" its order after an additional hearing. **See** T.C.O. at 8. This raises another problem. Is the court's relocation order a final, appealable order under Pa.R.A.P. 341 or is it interlocutory? It seems the trial court was not finished making its decision at the time this appeal was filed. Perhaps we should have issued a Rule to Show Cause to determine whether the trial court sought to conduct more proceedings.

[3] I assume there is enough evidence (including testimony) to allow the trial court to make findings under Section 5328(a) such that a supplemental hearing is unnecessary. Still, I would relinquish jurisdiction to allow the trial court to decide that question for itself.

- 6 -